UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW E. PIER | CIVIL ACTION |
| VERSUS | NO. 24-1754 |
| BAILEY BARRIOS, ET AL. | SECTION "R" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Matthew E. Pier filed a complaint pursuant to 42 U.S.C. § 1983 which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.   **FACTUAL ALLEGATIONS**

Pier is a convicted inmate housed in the Raymond Laborde Correctional Center in Cottonport, Louisiana. ECF No. 1, ¶III(A), at 2. Pier filed this *pro se* and *in forma pauperis* § 1983 complaint against defendants Deputy Bailey Barrios and the St. Tammany Parish Sheriff's Office. *Id.*, ¶III(B), at 2.

Pier alleges that, on January 28, 2022, he drove his son to a Headstart program in Robert, Louisiana. *Id.*, ¶IV, at 3. He returned on Highway 190 toward Goodbee, Louisiana. Before crossing from Tangipahoa Parish into St. Tammany Parish, a white St. Tammany Parish Sheriff's Office SUV, driven by Deputy Barrios, pulled onto the highway behind him, and stopped him. He alleges that Deputy Barrios ordered him to exit his car and put his hands on the hood of the SUV. The deputy patted him down, handcuffed him, and placed him in the backseat of the SUV. Pier

claims that all of this occurred outside of Deputy Barrios's jurisdiction in Tangipahoa Parish and there had been no high speed chase.

Pier further alleges that Deputy Barrios drove him into Covington in St. Tammany Parish, where he stopped at several driveways until he reached Pier's driveway at 74349 Gottschalk Road. Pier alleges that Homeland Security and Louisiana Bureau of Investigations officers conducted a search of and seizure from his home. He was questioned and brought to St. Tammany Parish Jail. He adds that someone tried to move his car and left it stalled with the lights on and lost his keys.

Pier claims that, on July 18, 2022, his public defender filed a motion to quash for lack of jurisdiction. On July 21, 2022, before the motion was decided, the District Attorney had Pier transferred to Tangipahoa Parish where he was booked on the same charges.

As relief, Pier seeks to have his conviction overturned and for the return of his parental rights over his son. He would like the people responsible to compensate him from his time in jail and for the things stolen from him and lost. *Id.*, ¶V, at 3-4.

## II.  LEGAL STANDARDS

### A.  Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most

---

[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

[5] *Id.* at 270.

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and quoting *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Off.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696; *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

### B. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;

---

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id*.
[13] *Id*.
[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

  (2)  that occurred under color of state law; and
  (3)  was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### III. ANALYSIS

#### A. Section 1983 May Not Be Used for Habeas Relief

Pier's complaint challenges the legality of his 2022 arrest and seeks reversal of his subsequent conviction in Tangipahoa Parish, as well as monetary damages. The United States Fifth Circuit Court of Appeals has made clear that, "regardless of the relief sought," claims that directly challenge the constitutionality of a conviction "necessarily imply the unlawfulness" of petitioner's detention, and the claims are strictly habeas in nature.[20] Claims of this type that challenge "the fact or duration of confinement" are properly brought in habeas corpus petitions, not civil rights complaints.[21]

---

[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); accord *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[20] *Mount v. Wakefield*, 738 F. App'x 280 (5th Cir. 2018).
[21] *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions").

Thus, a prisoner, like Pier, cannot challenge the fact or duration of confinement in a § 1983 action.[22] Release and reversal of a conviction are not appropriate remedies under § 1983.[23] For a convicted inmate, such requests are cognizable only in a habeas corpus action under 28 U.S.C. § 2254.[24] Pier's request for habeas relief is thus inappropriately brought in this § 1983 complaint.

### B.    *Heck* Doctrine

Furthermore, Pier's claims related to his arrest and conviction are premature. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that, to avoid improper collateral attacks to convictions, a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[25] The Supreme Court held that a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless she proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[26] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[27]

Pier does not allege that his conviction has been overturned, invalidated, or in any way called into question as required by *Heck* and its progeny. Accordingly, Pier's claims against

---

[22] *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998).
[23] *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).
[24] *Preiser*, 411 U.S. at 488-90; *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, where a § 1983 complaint provides for challenges to unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (same).
[25] *Heck*, 512 U.S. at 484-85.
[26] *Heck*, 512 U.S. at 486-87 (internal footnote omitted).
[27] *Clarke*, 154 F.3d at 189 (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Deputy Barrios challenging the legality of his arrest is the type of collateral challenge to a conviction that is barred under *Heck*.[28]

For these reasons, Pier's claims against Deputy Barrios challenging the constitutionality of his arrest and conviction must be dismissed with prejudice to their being asserted again until the *Heck* conditions are met.[29]

### C.     **Improper Defendant**

The United States Fifth Circuit requires a court to address dismissal of immune defendants and cull those claims that cannot proceed under § 1983 without regard to a *Heck* bar.[30]  In this case, Pier has named the St. Tammany Parish Sheriff's Office as a defendant.  "However, a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[31]  The State of Louisiana grants no such legal status to any law enforcement office or department.[32]  Further, the Sheriff's Office is not a "person" for purposes of § 1983 liability.[33]

Because the St. Tammany Parish Sheriff's Office is not a person or suable entity to be held liable under § 1983, Pier's claims against it must be dismissed, apart from the *Heck* doctrine,

---

[28] *See, e.g.*, *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (holding rule in *Heck* applies, *inter alia*, to claims of illegal stop of a vehicle and illegal arrest which resulted in plaintiff's conviction).

[29] *Johnson v. McElveen*, 101 F.3d 423, 424 (1996) (*Heck* dismissal is with prejudice until the conditions are met).

[30] *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should consider grounds for dismissal other than *Heck*); *see also Boyd v. Biggers*, 31 F. 3d 279, 284 (5th Cir. 1994) (immunity must be considered as a threshold matter prior to applying *Heck*).

[31] *Francis v. Terrebonne Par. Sheriff's Off.*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Par. Council-Pres. Gov't*, 279 F.3d 273, 283 (5th Cir. 2002); *Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Fitch v. Terrebonne Par. Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006); *Martinez v. Larpenter*, No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Causey v. Par. of Tangipahoa*, 167 F. Supp.2d 898, 904 (E.D. La. 2001); *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988)); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361).

[32] *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't*, 350 So. 2d 236, 238 (La. App. 3d Cir. 1977).

[33] *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (citation omitted); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (citation omitted).

pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

## IV.     RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Matthew E. Pier's 42 U.S.C. § 1983 claims against Deputy Bailey Barrios challenging the constitutionality of his arrest and conviction be **DISMISSED WITH PREJUDICE** to their being asserted again until the *Heck* conditions are met.

It is further **RECOMMENDED** that Pier's § 1983 claims against the St. Tammany Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[34]

New Orleans, Louisiana, this __8th__ day of August, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[34] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).  *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.